IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAHA FAHAD ALI, ) | |
| ) | |
| *Plaintiff-Appellant*, ) | |
| ) | No. 23 C 1265 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| MARTIN O'MALLEY, Commissioner of ) Social Security, ) | |
| ) | |
| *Defendant-Appellee*. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff-Appellant Maha Fahad Ali was denied Supplemental Security Income (SSI) benefits. (Dkt. 1; Dkt. 6). She seeks judicial review of the whether the Appeals Council properly evaluated additional evidence submitted in denying review of her claim.[1] (Dkt. 6). Ali and Defendant-Appellee Martin O'Malley, Commissioner of Social Security, cross-moved for summary judgment. (Dkt. 14; Dkt. 21). For the following reasons, Ali's motion for summary judgment [14] is denied, and the Commissioner's motion for summary judgment [21] is granted.

## BACKGROUND

Maha Fahad Ali suffers from chronic migraines that have resulted in nausea, vomiting, dehydration, and hospitalization. (*See* Dkt. 16 at 4). She applied for SSI benefits in October 2020. (Dkt. 6 at 9). Her application was denied initially in May 2021 and upon reconsideration in January

---

[1] In her Complaint, Ali states the issue before the Court is "whether the Commissioner's decision that plaintiff was not under a disability is supported by substantial evidence and not based on errors of law." (Dkt. 14 at 2). Yet, Ali only briefs the issue of whether the Appeals Council failed to properly evaluate her additional evidence presented as "new" and "material." (*See id.* at 6). The Court will thus address the latter and finds the larger review of the ALJ's decision waived. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718–19 (7th Cir. 2012) (arguments may be waived if "underdeveloped, conclusory, or unsupported by law").

1

2022. (*Id.*) Ali then received a hearing before an ALJ in June 2022 where she was represented by counsel. The ALJ denied benefits and the Appeals Council denied review.

### I. ALJ Decision

In assessing Ali's claim, the ALJ applied the five-step analysis required by 20 C.F.R. § 404.1520(a). (Dkt. 6 at 11–23); *see Zellweger v. Saul*, 984 F.3d 1251, 1253 (7th Cir. 2021). At step one, though Ali applied for and was hired by Amazon in December 2021, she never began the position, so the ALJ concluded that she had not engaged in substantial gainful employment since June 7, 2021. (Dkt. 6 at 11). At step two, the ALJ found Ali suffers from the severe impairments of mixed headache syndrome and cerebellar tonsillar ectopia. (*Id.*) At step three, the ALJ determined that taken together, Ali does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R Part 404, Appendix 1 to Subpart P. (*Id.*) As "mixed headache syndrome" is not a listed impairment in the regulation, the ALJ reviewed Ali's impairments using Section 11.02 (Epilepsy). (*Id.*) He found "the claimant's headaches alone or in combination with another impairment(s) did not medically equal listing, since there is no appropriate medical opinion indicating the same." (*Id.* at 12).

At step four, the ALJ determined that Ali was able to perform a full range of work "at all exertional levels" but with certain limitations. (*Id.* at 12–22). Finally, at step five, he concluded that based on Ali's relevant past work and testimony of vocational expert Renee E. Skalij, Ali is capable within the limits of her residual functional capacity of performing roles as a Telephone Solicitor and Personal Care Aide. (*Id.* at 22–23; *see also* Dkt. 15 at 3; Dkt. 7-1 at 26). The ALJ therefore denied Ali's benefits application.

2

## II. Appeals Council Denial

Ali then appealed the decision to the Appeals Council. She submitted additional medical records and a medical opinion dated September 2022 from Dr. Jaydeep Khudai and PA Rich Balay. (Dkt. 15 at 7; Dkt. 7-1 at 19). PA Balay filled out the questionnaire, while Dr. Khudai co-signed. (Dkt. 7-1 at 20). In the September 2022 opinion entitled, "Headaches Residual Functional Capacity Questionnaire," PA Rich Balay noted his practice had been seeing Ali since 2020 and diagnosed her with "migraines related to cerebellar tonsillar ectopia." (Dkt. 7-1 at 14). He further wrote, "patient had headaches 6/7 days, causing vomiting, light/sound sensitive. Patient needs to be in dark/quiet room. Have tried multiple prescription meds without relief. Pt is not candidate for surgery." (*Id.*) On the questionnaire, PA Balay signaled Ali was "[i]ncapable of even 'low stress' jobs" because "per [patient] when she has migraine cannot think, do basic tasks. Needs to lay in dark/quiet room." (*Id.* at 18). Ali also submitted treatment records from Dr. Samina Bokhari dated June 6, 2022 and Dr. Khudai dated June 30, 2022. (*See* Dkt. 7-1).

The Appeals Council denied Ali's request for review in January 2023. (Dkt. 6 at 33). In explaining their denial, the Appeals Council stated:

> You submitted records from Samina Bokhari, MD dated June 6, 2022 (37 pages); Jaydeep Khudai, DO, dated June 30, 2022 (5 pages); and a statement from Jaydeep Khudari, DO [sic] dated September 22, 2022 (11 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.

(*Id.* at 34; Dkt. 7-1 at 6). Ali now appeals that decision to this Court. (Dkt. 1).

## DISCUSSION

### I. Review of the Appeals Council's Denial

Initially, the parties disagree whether this Court has jurisdiction to review the Appeals Council's denial of review for legal error. The Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the

3

hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5).[2] The claimant must also show "good cause for not informing [the Social Security Administration] about or submitting the evidence" sooner. 20 C.F.R. § 416.1470(b).

The scope of the district court's review of the Appeals Council's denial depends upon the grounds given by the Appeals Council. *See Stepp v. Colvin*, 795 F.3d 711, 725 (7th Cir. 2015). If the Appeals Council denies review because new evidence is "non-qualifying under the regulation"—in other words, not new, material, and time-relevant—the Court conducts a *de novo* review of whether the evidence was relevant under the regulations. *Id.* at 722. If the Court finds that the evidence is new, material, and time-relevant, an error of law exists, and remand may be appropriate. *Id.* (citing *Farrell v. Astrue*, 692 F.3d 767 (7th Cir. 2012)). On the other hand, if the Appeals Council found the new evidence was relevant under the regulatory criteria but denied review because considering the record, "there is [no] reasonable probability that the additional evidence would change the outcome of the decision," then the Appeals Council's decision not to engage in review is discretionary and unreviewable. *See id.*[3]

At issue is whether the Appeals Council's exact language "[w]e find this evidence does not show a reasonable probability that it would change the outcome of the decision," is unreviewable as a discretionary weighing of the evidence. Since *Stepp* and the revised agency regulations, district courts lack consensus on this issue. *Compare Colleen C. o/b/o Daniel I. v. Saul*, 2019 WL 3986077, at *2–3 (N.D. Ill. Aug. 23, 2019) (interpreting this language to mean the Appeals Council

---

[2] As Ali brought her claim under Title XVI, 20 C.F.R. § 416.1470 applies. 20 C.F.R. § 404.970 governs claims under Title II and contains identical language.

[3] The revision to the agency's regulation, effective January 17, 2017, changed the requirement from reviewing the case if it found that the ALJ's action was "contrary to the weight of the evidence" to if "there is a reasonable probability that the additional evidence would change the outcome of the decision." The Court notes that the language in *Stepp* reflects the prior regulation.

4

rejected the new evidence as non-qualifying and therefore finding *de novo* review appropriate); *Davis v. Comm'r of Soc. Sec.*, 2021 WL 2451908, at *5 (N.D. Ind. June 16, 2021) (finding *de novo* review as to the materiality of the new evidence appropriate and collecting cases) *with Barbara H. v. Saul*, 2020 WL 3469163, at *6 (N.D. Ill. June 25, 2020) (finding Appeals Council's use of this denial language was discretionary and unreviewable as it "lines up squarely" with the language in the revised HALLEX[4] regulations and 20 C.F.R. § 416.1470(a)(5)).

In any event, as the Seventh Circuit acknowledged, the Appeals Council's language is not entirely clear. *See, e.g.*, *Stepp*, 795 F.3d at 725 (referring to the Appeals Council's "abstruse signals"). The denial language, "[o]n the one hand . . . might indicate that the Appeals Council found the proffered new evidence to be immaterial, but on the other hand it might indicate that the Council accepted the evidence as material but found it insufficient to require a different result." *Farrell*, 692 F.3d at 771. Thus, courts should, "proceed with particular caution in analyzing whether the Appeals Council deemed additional evidence new and material as a claimant's ability to obtain review of this crucial evidence hinges solely on that distinction." *Musonera v. Saul*, 410 F. Supp. 3d 1055, 1061 (E.D. Wis. 2019) (quoting *Stepp*, 795 F.3d at 722 n.3) (cleaned up).

Here, the Appeals Council's statement of denial does not discuss whether when rendering the denial, they considered the additional evidence non-qualifying, or considered the record in whole. *See Stepp*, 795 F.3d at 725 ("The minimal information provided by the Appeals Council in its denial of [claimant's] request for review is insufficient to allow us to determine with any confidence that the Council accepted [additional evidence] as new and material."). Moreover, it further states that they did not "exhibit this evidence." The agency's HALLEX manual states that the Appeals Council will not exhibit "non-qualifying evidence." *See also Musonera*, 410 F. Supp.

---

[4] Hearings, Appeals, and Litigation Law Manual ("HALLEX"), https://www.ssa.gov/OP_Home/hallex/hallex.html.

5

3d at 1063. This fact further supports the inference that the Appeals Council found Ali's additional evidence non-qualifying. Erring on the side of following the Seventh Circuit's guidance in *Stepp* and *Farrell*, the Court will proceed to review *de novo* the limited question of whether the Appeals Council had erroneously concluded that the additional evidence was non-qualifying. *See Farrell*, 692 F.3d at 771; *Davis*, 2021 WL 2451908, at *5.

### II. The Appeals Council Did Not Err in its Denial

"New" evidence is that "not in existence or available to the claimant at the time of the administrative proceeding." *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997). Ali asserts that Dr. Khudai and PA Balay's 11-page medical opinion[5] dated September 22, 2022, two months after the ALJ's July 11, 2022 decision, is "new" as it did "not exist and was not available to Plaintiff at the time of the hearing in [June] 2022." (Dkt. 15 at 8). Though the Commissioner does not directly challenge the newness of the evidence, but indirectly attacks it in his challenge to good cause and materiality, the Court does not believe the Commissioner has waived this argument.

Dr. Khudai and PA Balay's September 2022 "Headaches Residual Functional Capacity Questionnaire," was technically not in existence at the time of the June 2022 hearing. Yet, the Court is skeptical it was not "available." In *Perkins*, the Seventh Circuit addressed this issue, finding a later-submitted report not "new" in affirming the denial of benefits. The court noted that, "even though [the doctor's] evaluations were technically not in existence at the time of the earlier hearing, it was based on conclusions entirely on evidence that had long been available." 107 F.3d at 1296. Therefore, it constituted "derivative evidence," available at the time of the earlier proceeding.

---

[5] Though Ali characterizes the statement as an "opinion," the evidence primarily at issue is entitled a "Residual Functional Capacity Questionnaire," and is a compilation of information "per patient." (Dkt. 7-1 at 17–18).

Courts consistently find this reason alone precludes remand. *See Simila v. Astrue*, 573 F.3d 503, 522 (7th Cir. 2009) (finding additional letter from doctor his clarifying his report was available at the time of the hearing and thus not new); *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005) (finding additional evaluations were available at the time of the hearing when claimant "offered no explanation as to why the records were not submitted"); *Ruud v. Colvin*, 2014 WL 3534906, at *3 (N.D. Ill. July 16, 2014) (finding doctor's additional testimony though "technically not in existence at the time of the ALJ's hearing" was available at the time of the hearing).

Here, Dr. Khudai and PA Balay's opinion notes they have been treating Ali since 2020. (Dkt. 7-1 at 14). They must have familiarity with Ali's serious migraines and their effect on her. Yet, Ali presents no reason why their opinion was not available to her for the hearing. If they had been treating Ali for two years prior to the opinion and were not able to provide this opinion—or for that matter, any opinion—three months earlier, Ali must explain why. In fact, Ali availed herself of previous opportunities to alert the ALJ of missing treatment notes: At the June 2022 hearing, Ali's counsel informed the ALJ of missing treatment notes and the ALJ provided them additional time to provide them. (Dkt. 7-1 at 98–99).

Further, nothing in Dr. Khudai and PA Balay's opinion indicates Ali's condition had markedly changed from June 2022 to September 2022.[6] *See Ruud*, 2014 WL 3534906, at *3. It does not appear that Dr. Khudai and PA Balay conducted new tests on Ali; rather they wrote down additional information provided directly from Ali, information that she long had available. *See*

---

[6] The Court is also skeptical of the time-relevance of Dr. Khudai and PA Balay's opinion dated September 20, 2022. As the Appeals Council did not raise the issue, the Court will go no further than noting the opinion does not state that it is based on Ali's condition during "the period on or before the date of the hearing decision." 20 C.F.R. § 404.970(b); *Schmidt*, 395 F.3d at 742 ("[M]edical records postdating the hearing" and that speak only to the applicant's current condition, not to his condition at the time his application was under consideration by the Social Security Administration do not meet the standard for new and material evidence." (cleaned up)); *see also Anderson v. Bowen*, 868 F.2d 921, 927 (7th Cir. 1989) (stating remand is appropriate only where the new evidence is "material to the claimant's condition during the relevant time period encompassed by the disability application under review").

7

*Simila*, 573 F.3d at 522. In sum, Ali presents no reason why this opinion would not have been available at the time of the hearing, solidifying the inference that it is not "new."

Relatedly, the Appeals Council will only consider new evidence if the applicant shows "good cause for not informing us about or submitting the evidence" based on delineated reasons. These include physical, mental, or other limitations, or "[s]ome other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier." 20 C.F.R. § 416.1470(b)(1)–(3). Pertinent here, good cause can be shown through "actively and diligently" seeking evidence from a source that was not received less than 5 business days prior to the hearing. 20 C.F.R. § 416.1470(b)(3)(iv).

In her brief, Ali does not assert good cause for not submitting Dr. Khudai and PA Balay's medical opinion sooner. Nor is the Court aware of any of § 416.1470(b)'s factors applying to her case. Ali is not entitled to an open-ended record. Without such a good cause rule, it could "amount to automatic permission to supplement records with new evidence after the ALJ issues a decision in the case," "seriously undermin[ing] the regularity of the administrative process." *Perkins*, 107 F.3d at 1296.

As Ali does not show the additional evidence submitted to the Appeals Council was "new" or that it was withheld for good cause, the Court need not address whether it is "material." The Appeals Council's denial is affirmed.

8

## CONCLUSION

For the reasons above, the Court grants the Commissioner's Motion for Summary Judgment [21] and denies Ali's Motion for Summary Judgment [14].

_____
Virginia M. Kendall
United States District Judge

Date: March 25, 2024